| United States District Court | Southern District of Texas |
|---|---|

| | § | |
|---|---|---|
| Weingarten Realty Investors, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-11-2522 |
| | § | |
| Stewart A. Miller, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Motion to Arbitrate

1. *Introduction*

   A third-party guarantor of a debt has asked this court to compel arbitration. Because his agreement with the lender does not include arbitration, he will not prevail.

2. *Background*

   In 2004, Weingarten Realty Investors and Miller Sheriden, LLC, created a joint venture. Miller Sheriden is controlled by Stewart A. Miller. In 2006, Weingarten lent $75,000,000 to the joint venture for the construction of a shopping center. Under Section 7.21 of the Loan Agreement, disputes between Weingarten and the joint venture are to be resolved by arbitration. Miller was not an individual signatory on the Loan Agreement. Miller Sheriden, and Miller individually, signed a third-party guarantee for the loan; they together guaranteed half of the $75,000,000. The Limited Guaranty has no arbitration. The Loan Agreement's definition of Loan Document does not include the Limited Guaranty.

   In April and December of 2010, Weingarten and the joint venture changed the promissory note, but did not change the Loan Agreement. Miller as a guarantor ratified these changes. In the 2010 agreements, the recitals included Miller's guaranty to Weingarten as a "Loan Document."

   On June 15, 2011, the promissory note became due, and the joint venture did not pay. Weingarten then demanded Miller Sheriden and Miller honor their guaranty.

3. *Arbitration*

The Loan Agreement allows "any party to a Loan Document" to arbitrate. Miller argues that because the 2010 loan modifications call his guarantee a Loan Document, the guarantee is now covered by the Loan Agreement and that he may ask for arbitration.

The loan modifications do not change the Loan Agreement. The April agreement changed the promissory note's definition of "True Principal Balance" and affirmed the note's maturity date. The December agreement extended the note's maturity date. The recitals in the defined terms section of both modifications include the Limited Guaranty as a Loan Document, but neither modification changes the Loan Agreement's substantive definition of Loan Document. Since Miller's guarantee is not covered by the arbitration provision in the Loan Agreement, he may not arbitrate. His dispute arises out of the Limited Guaranty; it is without arbitration.

4. *Conclusion*

Miller's motion to arbitrate will be denied.


Signed on September 26, 2011, at Houston, Texas.


_____
Lynn N. Hughes
United States District Judge