| United States District Court | Southern District of Texas |
|---|---|

Weingarten Realty Investors,

    Plaintiff,

versus

Stewart A. Miller,

    Defendant.

Civil Action H-11-2522

## Opinion on Partial Summary Judgment

1. *Introduction.*

A developer guaranteed one-half of a loan to a joint venture that did not pay its debt. The lender has sued the developer to enforce his guarantee. He says that the venture's operating agreement should have limited his guarantee and that both parties missed the absence of that limitation. The lender will prevail.

2. *Background.*

Weingarten Realty Investors and Stewart Miller have worked together to develop land for years. In 2004, Weingarten and Miller Sheridan, LLC, – Stewart Miller's company – formed Weingarten Miller Sheridan, LLC, to build a shopping mall.

On December 15, 2006, Weingarten lent $75 million dollars to the venture. The venture signed a promissory note, and the loan was secured by the land for the mall. At the same time, Miller Sheridan and Stewart Miller separately guaranteed the loan. The two agreed to be responsible jointly for one-half of the amount outstanding if the venture did not pay. The debt was to be paid by December 15, 2010.

In April of 2010, Weingarten and the venture modified the loan. In December of 2010, they modified it again, extending the maturity date to June 15, 2011. Miller signed both amendments as a guarantor, ratifying the changes to the loan. None of these changes modified the guarantee.

On June 15, 2011, when the debt was due, the venture did not pay. The next day, Weingarten asked Miller to honor his guarantee for one-half of the loan.

3. *Mutual Mistake.*

Miller says that in earlier projects, the parties had agreed to limit his guarantee to the amount that his company had contributed to the venture. The two companies formed a joint venture, Weingarten lent money to the venture, and Miller and his company guaranteed part of the debt. He says that the joint-venture agreement limited his personal liability to his company's capital contribution. If he guaranteed $30,000,000 and if his company contributed $2,000,000 to the venture, then he would be liable for only $2,000,000 of the guarantee.

He says that when the parties drafted the venture agreement in 2004, they forgot to include the limit from the earlier agreements. Since the parties intended to include that provision, when they signed it without one they were both mistaken. He asks the court to void or reform the agreement. Miller has not tendered to Weingarten the $4.75 million he says is the limited amount.

Since Miller is not a party to the 2004 agreement, he has no standing to rescind or change it.

Even if he had standing, he cannot show that both parties were mistaken. Outside of the clear language of the agreement, he cannot know what Weingarten intended, and none of the documents – the venture agreement, the loan, the note, and the guaranty – reduces his $37,500,000 guarantee.[1]

He says that the earlier agreements can be used to show ambiguity, the intention of the parties, and mistake. The documents from this distinct project are unambiguous and not open to interpretation; extrinsic evidence is unnecessary.[2] The parties' organizing a venture one way does not mean that every agreement between them is identical forever more.

---

[1] *Williams v. Glash,* 789 S.W.2d 261, 264 (Tex. 1990).

[2] *Houston Exploration Co. v. Wellington Underwriting Agencies, Ltd.,* 352 S.W.3d 462, 474 (Tex. 2011); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.,* 907 S.W.2d 517, 521 (Tex. 1995).

4. *Unilateral Mistake.*

Miller also says that he alone was mistaken and Weingarten acted inequitably. Since he is not a party to the venture agreement, he cannot rescind or reform it.

Even if he had standing, he has no facts that it lied to him. He had an opportunity to negotiate for the provision, to read it, and to withhold his signature. Weingarten did not lie to or mislead him. He signed an agreement that does not have the limiting provision, signaling permanently that he knew its contents.[3]

5. *Breach.*

Miller says that a contract exists from the combination of a 1998 joint-venture agreement, the 2004 venture agreement, the guaranty, and the parties' course of conduct. This amalgamation does not exist. Miller is not a party to the 1998 and 2004 agreements and cannot sue for their breach.

Miller says that he has performed under this imaginary contract. He has not. He promised to pay the debt if the venture did not and he has not honored that promise.

He also says that Weingarten breached its fiduciary duties to him under this combined contract. Their relationship is governed by the guaranty and the promissory note. A lender and a third-party guarantor do not owe each other a heightened duty of care – they are nearly adversaries.

6. *Guaranty.*

Weingarten says that he owes it $37,500,000 because the joint venture did not pay its debt, he guaranteed part of the debt, and the guaranty is unconditional.

The terms of the note and the guaranty are unambiguous. The venture owes the money, it did not pay, and Miller individually guaranteed one-half of that debt. Under the guaranty, Weingarten may ask him to pay without asking the joint venture or other guarantor – Miller Sheridan. It also is not obliged to look to the collateral for satisfaction.

---

[3] *In re Bank One, N.A.*, 216 S.W.3d 825, 826 (Tex. 2007).

7. *Conclusion.*

Miller is a sophisticated businessman who has developed millions of dollars of real estate. Over the course of two years, he signed a joint-venture agreement, a loan, a promissory note, a guaranty, and two modifications. The terms of those contracts are clear, and none reduces the amount he personally guaranteed: $37,500,000. Weingarten Realty Investors will recover $37,500,000 plus pre-judgment and post-judgment interest from Stewart A. Miller.

Signed on July 18, 2012, at Houston, Texas.

Lynn N. Hughes
United States District Judge